UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy Conley,
    Plaintiff

Case No. C-1-07-737

vs

Edwin Voorhies, et. al.,
    Defendants

**REPORT AND RECOMMENDATION**
(Barrett, J.; Hogan, M.J.)

    This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 11), and Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings. (Doc. 17).

    Plaintiff's Complaint alleges that he has repeatedly been threatened with bodily harm and extortion by members of the Aryan Brotherhood prison gang and that his requests for protective control placement have been denied by Defendants. He further alleges that he has been placed in disciplinary segregation in lieu of protective control and that Defendants are using the Administrative Control block as a protective control unit. He seeks monetary and injunctive relief.

**OPINION**

    In determining a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), "all well-pleaded material allegations of the pleadings of the [non-movant] must be taken as true." *U.S. v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)(quoting *Lavado v. Keohane*, 992 F.2d 601, 605 (6thCir. 1993). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). Where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

    In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not

required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985)(citations omitted)(emphasis in original)). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

Plaintiff's Claim Regarding Placement in Segregation

Under 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act (PLRA), a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is undisputed that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007)(citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). However, the Supreme Court in *Jones*, has recently concluded that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones*, 127 S.Ct. at 921. Moreover, the Supreme Court has held that nothing in the PLRA "imposes a 'name all defendants' requirement along the lines of the Sixth Circuit's rule in *Burton v. Jones,* 321 F.3d 569, 575 (2003). As such, "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 923.

Finally, the Supreme Court has held that the PLRA does not require dismissal of the entire complaint when an inmate has failed to exhaust some, but not all, of the claims included in the complaint. *Id.* at 923-26 *abrogating Jones Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005)(holding that the PLRA requires total exhaustion). Thus, when a prisoner files a civil-rights complaint containing exhausted and unexhausted claims, the prisoner can proceed with his exhausted claims despite the dismissal of his unexhausted claims for failure to exhaust." *Owens v. Keeling*, 461 F.3d 763 (6th Cir. 2006) (citing *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006); *Burton v. Jones*, 321 F.3d 569, 574 n. 2 (6th Cir. 2003); *Hartsfield v. Vidor*, 199 F.3d 305, 309-10 (6th Cir. 1999)). *See also Bell v. Konteh,* 450 F.3d 651, 654 (6th Cir. 2006). Federal courts should not prematurely adjudicate the merits of a prisoner's claims until the exhaustion requirement has been satisfied. *Brown,* 139 F.3d at 1104. "When a prisoner's

complaint contains both exhausted and unexhausted claims, the unexhausted claims should be dismissed without prejudice while the exhausted claims are allowed to proceed." *Bell,* 450 F.3d at 654 (citing *Spencer,* 449 F.3d at 726; *Burton,* 321 F.3d at 574 n. 2; *Hartsfield,* 199 F.3d at 309-10).

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for inmates housed in Ohio prisons for grievances against all personnel other than the Warden or Inspector of Institutional Services. First, an inmate initiates the grievance procedure by filing an informal complaint with the prison official whose area of responsibility is most related to the grievance. Ohio Admin. Code § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. Ohio Admin. Code § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector of the Ohio Department of Rehabilitation and Correction. Ohio Admin. Code § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. For all complaints regarding the Warden or Inspector of Institutional Services, the inmate must file a grievance directly to the office of the Chief Inspector, and the Chief Inspector's decision is final. Ohio Admin. Code § 5120-9-31(L).

Defendants contend that Plaintiff failed to exhaust his administrative remedies with respect to his placement in segregation. In his response to Defendants' motion, Plaintiff argues that he has exhausted his administrative remedies and submits documentation which he claims establishes such. (Doc. 17, Ex. C). However, Plaintiff does not claim to have received a decision on appeal from the ODRC chief inspector. Nor has Plaintiff attached to his memorandum copies of any grievances, appeals, or administrative decisions showing he exhausted the prison grievance procedure. *See Knuckles v. Toombs,* 215 F.3d at 642. Because plaintiff has failed to show he exhausted his administrative remedies with respect to his placement in segregation prior to bringing this lawsuit, Plaintiff's claim regarding such should be dismissed without prejudice.

Plaintiff's Claim Regarding Placement in Protective Control

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Under this standard, the Court will treat Defendants' motion, as it pertains to Plaintiff's protective control claim, as one for summary judgment. The Court finds that the parties have been given a reasonable opportunity to present materials for consideration via the documents accompanying the pleadings before the Court. Indeed, Plaintiff has presented the evidence necessary for the Court's determination herein. Thus, the Court will proceed under a Rule 56 summary judgment standard with respect to the protective control claim.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff alleges that Defendants Voorhies, Davis, and Eleby have "failed to take responsible steps to ensure [his] safety and protect him from a 'known' risk and threat of harm by failing to place [Plaintiff] in protective control . . . ." (Doc. 3, Count I). To establish his Eighth Amendment claim against prison officials based on their failure to protect him from attack by other inmates, Plaintiff must present evidence showing that Defendants' conduct amounts to "deliberate indifference" to a known risk of harm to Plaintiff. *Farmer v. Brennan*, 511 U.S. 825 (1994). *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992); *Marsh v. Arn*, 937 F.2d 1056, 1060-61 (6th Cir. 1991); *Walker v. Norris*, 917 F.2d 1449, 1453-54 (6th Cir. 1990). A prison official may be held liable for his failure to protect inmates from attacks by other inmates only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. *Id.* at 835; *Gibson*, 963

4

F.2d at 853. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.* Moreover, liability will not be found where a prison official actually knew of a substantial risk of harm to an inmate if he responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844.

In the present case, Plaintiff states that he was granted a "P.C. interview," and went before the "P.C." committee, where "despite the evidence of written threats, . . ." the protective control committee denied his request for protective control placement. Defendants contend, and Plaintiff does not dispute, that the committee investigated his claims. (Doc. 17, Ex. F). The committee nonetheless concluded that Plaintiff's allegations of threats against him could not be substantiated and that the evidence was insufficient to warrant placement in protective control. (Doc. 17, Ex. F, March 19, 2007 letter from Chief Eleby, Bureau of Classification and Reception). The question for the court is not whether Defendants are making or made the "right" decision. Rather, the question is whether they are being deliberately indifferent to Plaintiff's safety. *Farmer*, 511 U.S. at 844. We answer this question in the negative. The evidence submitted by Plaintiff establishes that Plaintiff's claims were heard, investigated and a decision rendered. While the decision is not the one which Plaintiff prefers, we find no evidence that prison administrators are ignoring his complaints or are being deliberately indifferent to a known risk.. "[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators." *Rhodes v. Chapman*, 452 U.S. 337, 349 n. 14 (1981). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Such deference does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that the Court not "freely substitute [its] judgment for that of officials who have made a considered choice." *Whitley v. Albers*, 475 U.S. 312, 322 (1986). The Court should defer to the judgment of prison officials on plaintiff's protective custody placement in the absence of substantial evidence showing such deference is not warranted. Plaintiff has failed to establish an Eighth Amendment claim for deliberate indifference. Accordingly, we find that Defendants' motion should be granted and Plaintiff's Eight Amendment claim regarding the denial of protective control (Count I of Plaintiff's Complaint) should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT**

1) Defendants' Motion for Judgment on the Pleadings (Doc. 11) be GRANTED.

2) That portion of Plaintiff's Complaint pertaining to placement in protective control (Count I) be DISMISSED WITH PREJUDICE.

3) That portion of Plaintiff's Complaint pertaining to placement in segregation (Count II) of Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

Date 9/30/08

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\SMITHLE\prisoner1983\Conley\judgment.12(c).wpd

6

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Timothy J Conley #A380-538<br>SOCF<br>Po Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7001 2510 0008 6348 5819 |
| PS Form 3811, August 2001 | Domestic Return Receipt   102595-02-M-1540 |

1:07cv737 (Doc. 24)